1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8

REGINALD HOWARD,                           2:13-CV-1368 JCM (NJK)

9                    Plaintiff(s),

10   v.

11   S. FOSTER, et al.,

12                    Defendant(s).

13

14

15                              **ORDER**

16        Presently before the court is a motion to dismiss filed by defendants Gustavo Sanchez,

17   Timothy Carlman, Dean Willett, Roger Tobar, Ira Hollingsworth, Joesph Lewis, Loren Chapulin,

18   and Aaron Dicus ("defendants"). (Doc. # 15). *Pro se* plaintiff Reginald Howard ("plaintiff") filed

19   a response in opposition (doc. # 18) and defendants filed a reply (doc. # 19).

20   **I.    Background**

21        During all times relevant to this action, plaintiff was in the custody of the Nevada Department

22   of Corrections ("NDOC") and incarcerated at Southern Desert Correctional Center ("SDCC"), where

23   named defendants, with the exception of defendant Foster, were employed as correctional officers.

24        In his complaint, *pro se* plaintiff alleges several causes of action against defendants in their

25   official and individual capacities for First, Eighth, and Fourteenth Amendment violations pursuant

26   to 42 U.S.C. § 1983. (Doc. # 4). Plaintiff seeks declaratory, injunctive, and monetary relief. After

27   the court's screening order, the following claims are at issue in the instant motion. (Doc. # 3).

28

**James C. Mahan**
**U.S. District Judge**

1    Count one - claim (1) for retaliation against defendants Sanchez, Acala, and Stein and claim

2    (2) for excessive use of force by defendant Sanchez. Plaintiff alleges that defendants trashed his cell

3    and read his legal papers and subsequently, defendant Sanchez handcuffed him and squeezed the

4    cuffs, re-injuring a nerve in his right hand. Plaintiff alleges that defendants' actions were in

5    retaliation for grievances filed against them. (Doc. # 4).

6    Count two - claim (3) for unconstitutional conditions of confinement against defendants

7    Carlman and Willett and claim (4) for retaliation against defendants Tobar and Hollingsworth.

8    Plaintiff alleges that he was placed in disciplinary segregation for twenty-two days, during which

9    defendants deprived him of a change of clothes and a towel, causing him to develop a rash on his

10   legs. Plaintiff further alleges that defendants refused to deliver several items of plaintiff's property

11   in retaliation for having filed grievances. (Doc. # 4).

12   Count three - claim (5) for retaliation by defendants Lewis, Bloomfield, and Christianson and

13   claim (6) for excessive use of force by defendants Lewis and Christianson. Plaintiff alleges that after

14   defendants searched his cell and confiscated his hot pot, he asked them for a property notice and

15   grievance form. Plaintiff alleges that defendants later returned with the form and, in retaliation for

16   having filed grievances against them, pushed him against the wall and forced him to hold the wall

17   for thirty minutes. (Doc. # 4).

18   Count four - claim (7) for violations of procedural due process against defendants Carlman,

19   Sanchez, Chapulin, Stein, and Acala. Plaintiff alleges that he did not receive notice of the charges

20   against him twenty-four hours before his disciplinary hearing because he was not given his glasses

21   and was unable to read them. Plaintiff further alleges that he was unable to present documents in his

22   defense and did not receive his glasses until right before his hearing. (Doc. # 4).

23   In the instant motion, defendants request that the court dismiss claims (1)-(7), arguing that

24   plaintiff cannot sustain an action under 42 U.S.C. § 1983. (Doc. # 15). The court will address each

25   claim in turn.

26   . . .

27   . . .

28

**James C. Mahan**
**U.S. District Judge**

1    **II.    Legal Standard**

2        A court may dismiss a complaint for "failure to state a claim upon which relief can be

3    granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain

4    statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell*

5    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual

6    allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements

7    of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

8        "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S.

9    at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to

10   "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

11       In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when

12   considering motions to dismiss. First, the court must accept as true all well-pled factual allegations

13   in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79.

14   Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not

15   suffice. *Id.* at 678.

16       Second, the court must consider whether the factual allegations in the complaint allege a

17   plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint

18   alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the

19   alleged misconduct. *Id.* at 678.

20       Where the complaint does not permit the court to infer more than the mere possibility of

21   misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id.*

22   (internal quotations omitted). When the allegations in a complaint have not crossed the line from

23   conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

24       The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,

25   1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth,

26   allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,

27   but must contain sufficient allegations of underlying facts to give fair notice and to enable the

28

James C. Mahan
U.S. District Judge

- 3 -

1  opposing party to defend itself effectively. Second, the factual allegations that are taken as true must

2  plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to

3  be subjected to the expense of discovery and continued litigation." *Id.*

4  **III.    Analysis**

5         As an initial matter, the court acknowledges that plaintiff's complaint was filed *pro se* and

6  is therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A

7  document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully

8  pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal

9  quotations and citations omitted). However, "*pro se* litigants in an ordinary civil case should not be

10  treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362,

11  1364 (9th Cir. 1986).

12         Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights,

13  privileges, or immunities secured by the Constitution and laws" of the United States. "To state a

14  claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the

15  Constitution or laws of the United States was violated, and (2) that the alleged violation was

16  committed by a person acting under the color of State law." *Long v. Cnty. of L.A.,* 442 F.3d 1178,

17  1185 (9th Cir. 2006).

18         *A.     First Amendment Retaliation*

19         In the prison context, First Amendment retaliation under § 1983 requires five elements: (1)

20  a state actor took an adverse action against an inmate; (2) because of; (3) that prisoner's protected

21  conduct, and that such action; (4) chilled the inmate's exercise of his First Amendment rights; and

22  (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408

23  F.3d 559, 567-68 (9th Cir. 2005). "[T]he mere threat of harm can be an adverse action . . . ."

24  *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). Prisoners have a First Amendment right to

25  file prison grievances against prison officials. *Brodheim*, 584 F.3d at 1269. Retaliation against a

26  prisoner for exercising his right to file grievances is itself a constitutional violation. *Id.* The relevant

27  inquiry is whether the prison "official's acts would chill or silence a person of ordinary firmness

28

James C. Mahan
U.S. District Judge

from future First Amendment activities." *Rhodes*, 408 F.3d at 568. A plaintiff who fails to allege a chilling effect may still sufficiently state a claim if a harm is alleged that is more than minimal. *Id.* at n.11; *Brodheim*, 584 F.3d at 1269.

<u>(I)</u>      <u>Claim (1) - retaliation against defendants Sanchez, Acala, and Stein</u>

Accepting all material factual allegations as true, the complaint sufficiently states a plausible claim for retaliation. Plaintiff alleges that defendants took his inmate grievance and used excessive force against him in retaliation for having filed grievances against them and having participated in investigations. Plaintiff further alleges that he suffered an injury to his hand and that his grievance was taken and never filed. Lastly, plaintiff alleges that defendants took his grievance before he finished filling it out, used excessive force in doing so, and never turned it in.

Defendants argue that defendant Sanchez restrained plaintiff in furtherance of ensuring the safety and security of the institution. They argue that plaintiff's grievance form was seized in an attempt to maintain order, not retaliate. Contrarily, the complaint alleges that plaintiff told defendants they were "going down on a civil rights violation" in response to their repeated attempts to seize his uncompleted grievance. (Doc. # 4, p. 7).

While the testimony of this claim is conflicting, it is inappropriate to weigh disputes of fact at this stage. Accordingly, the court finds that the complaint states sufficient allegations to support a plausible claim for relief and the motion to dismiss will be denied as to this claim.

<u>(ii)</u>      <u>Claim (4) - retaliation against defendants Tobar and Hollingsworth</u>

This claim contains allegations that, while indicating a possibility of misconduct, do not rise to the level of plausibility to withstand a motion to dismiss. The complaint includes a conclusory statement that the delay in the return of plaintiff's property was retaliation without stating any facts to plausibly support it. Moreover, the complaint contains no allegations to show that the delay was not a necessary result of plaintiff being held in disciplinary segregation. Further, the complaint fails to allege that defendants' actions constituted chilling conduct or lacked a legitimate penological reason. Plaintiff merely alleges that the delay was retaliatory because all other inmates in segregation received their property within a shorter time span.

**James C. Mahan**
**U.S. District Judge**

- 5 -

1    Accordingly, the court finds that plaintiff's conclusory allegations do not plausibly state a

2    claim for retaliation and the motion to dismiss will be granted as to this claim.

3         (iii)    Claim (5): retaliation against defendants Lewis, Bloomfield, and Christianson

4    The complaint merely recites the elements of retaliation without the support of sufficient

5    factual allegations. Plaintiff simply alleges that defendants searched his cell and confiscated his hot

6    pot in retaliation for having filed grievances against them. Plaintiff goes on to allege that, in

7    retaliation for requesting a property notice and grievance form, defendants returned with the form

8    and ordered him to hold the wall for thirty minutes. Plaintiff fails to plead any facts to support his

9    contentions and fails to allege that his rights were chilled or that defendants' actions did not advance

10   a legitimate penological goal.

11   Accordingly, the court finds that the complaint fails to allege sufficient facts to state a

12   plausible claim of relief and the motion to dismiss will be granted as to this claim.

13        B.    *Eighth Amendment Excessive Force*

14   The Eighth Amendment is violated when a prison official causes "the unnecessary and

15   wanton infliction of pain." *Hudson v. McMillan*, 503 U.S. 1, 5 (1992). "[W]henever prison officials

16   stand accused of using excessive physical force in violation of the [Eighth Amendment], the core

17   inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or

18   maliciously and sadistically to cause harm." *Id.* at 6-7. To determine whether the physical force used

19   was unnecessary and wanton, the proper factors to consider include: (a) extent of injury suffered by

20   an inmate; (b) need for application of force; (c) relationship between that need and the amount of

21   force used; (d) threat reasonably perceived by the responsible officials; and (e) any efforts made to

22   temper the severity of a forceful response. *Id.* at 7.

23   Moreover, when prison officials act in response to an immediate disciplinary need, the

24   standard is "malicious and sadistic," instead of "deliberate indifference." *Whitley v. Albers*, 475 U.S.

25   312, 319 (1986). Courts must be deferential when reviewing the necessity of force because the use

26   of force relates to prison officials' legitimate interest in maintaining security and order. *Id*. at 321-22.

27

28

**James C. Mahan**
**U.S. District Judge**

1    Although serious injury does not need to be shown, the Eighth Amendment necessarily excludes

2    from constitutional recognition *de minimis* uses of physical force. *Hudson,* 503 U.S. at 9-10.

3                    (I)       Claim (2) - excessive use of force by defendant Sanchez

4            The complaint plausibly alleges that defendant Sanchez intentionally injured plaintiff's hand

5    so as to send a message to the other inmates not to file grievances. The complaint states that plaintiff

6    was in his cell alone, sitting down, and filling out a grievance form when defendants Sanchez, Acala,

7    and Stein arrived. Defendants do not deny that plaintiff immediately complied with defendants'

8    orders to get up and put his hands on the wall. Plaintiff alleges that Sanchez handcuffed him and told

9    him to "scream." (Doc. # 4, p. 7). Upon his refusal to do so, plaintiff asserts that Sanchez "squeezed"

10   the cuff, resulting in the re-injury of his hand.

11           In support, plaintiff states that he was taken to the infirmary for treatment and was unable to

12   use his hand normally for weeks. Additionally, plaintiff states that he previously submitted an

13   affidavit regarding an incident in which Sanchez made a fellow inmate "scream" by trying to break

14   his arm and Sanchez "wanted [plaintiff] to know [he] didn't appreciate that testimony." (Doc. # 4,

15   p. 7).

16           Taking plaintiff's allegations as true, the complaint gives rise to a plausible inference that the

17   "threat" plaintiff posed against the three correctional officers was no threat at all and Sanchez's

18   action was intended to inflict harm. Defendants argue that placing plaintiff in handcuffs was in

19   response to a verbal "threat" so as to maintain discipline and ensure the safety of inmates and prison

20   officials. Defendants do not address or dispute plaintiff's allegations otherwise.

21           Accordingly, accepting the factual allegations as true, the court finds the complaint contains

22   sufficient facts to plausibly state a claim for relief and the motion to dismiss will be denied as to this

23   claim.

24                   (ii)       Claim (6) - excessive use of force by defendants Lewis and Christianson

25           The complaint fails to allege sufficient facts to support a plausible claim for excessive use

26   of force by defendants Lewis and Christianson. The complaint alleges only that defendants "pushed"

27

28

**James C. Mahan**
**U.S. District Judge**

- 7 -

1    plaintiff against the wall and ordered him to hold the wall for thirty minutes. The complaint fails to

2    state any facts as to the amount of force, injury, or otherwise to support a claim.

3          Accordingly, the motion to dismiss will be granted as to this claim.

4          C.      *Eighth Amendment Unconstitutional Conditions of Confinement*

5          "It is undisputed that the treatment a prisoner receives in prison and the conditions under

6    which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment. *Helling v.*

7    *McKinney*, 509 U.S. 25, 31 (1993). Prison officials must provide prisoners with "food, clothing,

8    shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107

9    (9th Cir. 1986). To state a valid claim, a plaintiff must show that the conditions of confinement

10   violated a human need, *id.,* and a prison official was deliberately indifferent to the unconstitutional

11   conditions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

12         Additionally, the amount of time an inmate was subjected to the conditions is relevant to the

13   determination of whether the conditions violated a human need. *Hutto v. Finney*, 437 U.S. 687, 686-

14   87 (1978). The standard for deliberate indifference is equivalent to recklessness in the civil sense,

15   requiring that the defendant "[knew] of and disregarded an excessive risk to inmate health and

16   safety." *Farmer*, 511 U.S. at 836. "The denial of adequate clothing can inflict pain under the Eighth

17   Amendment." *Walker v. Sumner*, 14 F.3d 1415, 1421 (9th Cir. 1994).

18         (I)     Claim (3) - unconstitutional conditions of confinement against defendants

19                 Carlman and Willett

20         The complaint fails to allege that the conditions of segregation violated a human need.

21   Defendants correctly argue that the complaint fails to state facts as to what plaintiff *was* given in

22   segregation and how such things were inadequate. The complaint alleges that plaintiff was subjected

23   to twenty-two days in segregation without a change of clothes or a towel, causing him to develop a

24   rash on his legs.

25         While it is understandable that plaintiff desired a change of clothes, failing to provide one

26   does not rise to a constitutional deprivation of a human need. The complaint lacks any facts to

27   support a plausible assertion that the conditions caused plaintiff's rash.

28

**James C. Mahan**
**U.S. District Judge**

- 8 -

1    Accordingly, the court finds that the complaint fails to state a plausible claim for

2    unconstitutional conditions of confinement and the motion to dismiss will be granted as to this claim.

3        D.    *Procedural Due Process*

4    Procedural due process at a prison disciplinary hearing is satisfied if a prisoner receives: (1)

5    a written notice of the charges in advance of the hearing; (2) a brief period of time, no less than

6    twenty-four hours, to prepare for the hearing; (3) an impartial hearing body; (4) a written statement

7    of the decision by the fact-finder regarding the facts relied upon and the reasons for the disciplinary

8    action; (5) an opportunity to call witnesses and present documentary evidence; and (6) an opportunity

9    to seek the aid of a fellow inmate or prison staff on complex matters. *Wolff v. McDonnell*, 418 U.S.

10   539, 556 (1974). "[T]he requirements of due process are satisfied if some evidence supports the

11   decision by the prison disciplinary board . . . ." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*,

12   472 U.S. 445, 455 (1985); *Burnsworth v. Gunderson*, 179 F.3d 771, 774-75 (9th Cir. 1999) (where

13   there is no evidence of guilt, it may be unnecessary to demonstrate existence of a liberty interest);

14   *but see Hines v. Gomez*, 108 F.3d 265, 268-69 (9th Cir. 1997) (holding that this standard does not

15   apply to original rules violation report where prisoner alleges the report is false).

16        (I)    Claim (7): procedural due process against defendants Carlman, Sanchez,

17             Chapulin, Stein, and Acala

18   The complaint does not allege that defendants failed to provide written notice twenty-four

19   hours before plaintiff's disciplinary hearing. Instead, plaintiff alleges that the requirements of *Wolff*

20   were not satisfied because he was unable to read the charges without his glasses. Moreover, plaintiff

21   admits that he received written notice more than twenty-four hours before his hearing. Plaintiff fails

22   to allege facts to support that his understanding of the charges were affected in any way as a result

23   of not having glasses.

24   Moreover, the complaint merely puts forward conclusory allegations that the charges were

25   "bogus" and the testimony used was false. (Doc. # 4, p. 13). Failing to allege any violations relating

26   to the process itself, plaintiff's contentions appear to be with the charges and outcome of the

27   disciplinary hearing.

28

**James C. Mahan**
**U.S. District Judge**

- 9 -

1    Therefore, the court finds that plaintiff fails to meet his burden to withstand dismissal and

2    the motion to dismiss will be granted as to this claim.

3    **IV.    Conclusion**

4    Accordingly,

5    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the motion to dismiss filed

6    by defendants Gustavo Sanchez, Timothy Carlman, Dean Willett, Roger Tobar, Ira Hollingsworth,

7    Joesph Lewis, Loren Chapulin, and Aaron Dicus, (doc. # 15), be, and the same hereby is,

8    GRANTED in part and DENIED in part.

9    IT IS FURTHER ORDERED that claims (3) through (7) are DISMISSED without prejudice.

10   DATED June 17, 2014.

11

12   _____

13   **UNITED STATES DISTRICT JUDGE**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 10 -