UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| REGINALD HOWARD,<br><br>        Plaintiff,<br><br>v.<br><br>S. FOSTER, *et al.*,<br><br>        Defendants. | Case No. 2:13-cv-01368-RFB-NJK<br><br>**<u>ORDER</u>** |

### I. INTRODUCTION

This case involves allegations of excessive force and retaliation by corrections officers arising out of an incident that occurred at Southern Desert Correctional Center (SDCC) on February 10, 2012. Certain of those officers now move for summary judgment in their favor on Plaintiff Reginald Howard's claims against them as alleged in Count I of his Complaint. ECF No. 21. For the reasons stated below, Defendants' motion is granted with respect to Defendants Eric Stein and Francisco Acala and is denied with respect to Defendant Gustavo Sanchez.

### II. BACKGROUND

#### A. Factual Background

The parties dispute many of the facts in this case. The Court first sets forth the facts it finds to be undisputed for purposes of this motion, followed by the competing versions of facts proffered by the parties.

##### *1. Undisputed Facts*

The undisputed facts relating to the instant motion are as follows. At all times relevant to this case, Howard was an inmate in the custody of the Nevada Department of Corrections

(NDOC) and housed at SDCC in Indian Springs, Nevada. On the afternoon of February 10, 2012, Howard was in his cell filling out a grievance form. Officers Sanchez, Acala, and Stein entered Howard's cell. Sanchez asked Howard either to give him the grievance or if Howard was finished writing the grievance, and Howard answered that he was not finished with it.

### *2. Disputed Facts*

Sanchez's version of the facts are as follows, as stated in his declaration. On February 10, 2012 at approximately 3:20 p.m., Sanchez, a correctional officer at SDCC assigned to Search and Escort, received a phone call from Defendant Eric Stein informing him that an emergency grievance form needed to be picked up from Howard. Sanchez went to Howard's cell with Stein and Defendant Francisco Acala. Sanchez asked Howard if his grievance was ready, and Howard responded with profanity and told him to wait five minutes. Sanchez approached Howard to calm him down. Howard then balled up his fists with a ball point pen in his hand and began to stand up. Sanchez grabbed Howard's left arm, at which point Howard lunged his body headfirst toward the cell wall. Sanchez assisted Howard to the wall, placed his hands behind his back, and escorted him out of the cell. Howard unsuccessfully attempted to injure himself on the way out of the cell by trying to hit his head against the bunk. While waiting for an escort to take Howard to the infirmary, Howard threatened that he would beat Sanchez if he did not have handcuffs on. Sanchez issued a Notice of Charges against Howard that same day, reflecting the facts as stated above. Sanchez did not at any time purposefully or intentionally take any action to injure Howard.

Howard disputes these facts. Although he did not attach evidence to his response to the Motion for Summary Judgment, Howard did incorporate the exhibits filed in connection with the earlier Motion to Dismiss. These exhibits include Howard's grievances, which state on their face that they are sworn declarations. As stated in his grievances, Howard's version of the facts is as follows. On February 10, 2012 at approximately 3:30 pm, Howard was at a Friday prayer service when other inmates told him that three correctional officers were seen sitting in his cell reading and searching through his legal documents and destroying his religious materials. Howard requested an emergency grievance and was denied by Defendant Stein. Howard returned to his

1  cell and began writing an informal grievance against the officers. Defendant Sanchez then
2  entered Howard's cell and the lights were turned off. Sanchez asked Howard to give him the
3  grievance form, and Howard responded that he was not finished with it and that he would put it
4  in the grievance box when he was finished. Sanchez tried to see what Howard was writing, but
5  Howard leaned away from him. Sanchez came within an inch of Howard's face and told Howard
6  to give him the grievance again. Howard responded that he knew that Sanchez had been reading
7  Howard's legal documents and that Sanchez was "going down" for civil rights violations.
8  Sanchez stated that this could be a threat. Acala ordered Howard to stand up and place his hands
9  against the wall, which Howard did. Sanchez took the grievance from Howard's hand and placed
10 him in handcuffs. Sanchez then squeezed the handcuffs, told Howard to scream, and then bent
11 Howard's finger back and broke his watch. As a result, Howard claims that he has suffered a
12 nerve injury in his hand.

### B. Procedural History

Plaintiff Reginald Howard filed his civil rights complaint on August 2, 2013 against correctional officers Sanchez, Carlman, Stein, Acala, Christianson, Hollingworth, Willet, Tobar, Chapulin, Dicus, and Lewis, who are all employed by NDOC and work at SDCC. Compl., ECF No. 4. Howard also named SDCC Deputy Director Sheryl Foster as a Defendant. Id.

The Court screened Howard's Complaint on October 22, 2013 and allowed all of his claims to proceed as alleged. Screening Order, ECF No. 3. Howard's Complaint contained six counts. On June 17, 2015, the Court entered an Order on Defendants' Motion to Dismiss which dismissed Counts II, III, and IV in their entirety. Order, ECF No. 20. Following this Order, only three counts remain in this case. Count I is a First Amendment retaliation claim asserted against Defendants Sanchez, Acala, and Stein, as well as an Eighth Amendment excessive force claim brought against Defendant Sanchez. Count V is a First Amendment retaliation claim asserted against correctional officer Bloomfield. Finally, Count VI is a First Amendment free exercise claim against Defendant Dicus.

Defendant Sanchez filed a Motion for Summary Judgment on July 23, 2014, seeking summary judgment in his favor on the retaliation and excessive force claims contained in Count I. On January 13, 2016, Defendants Acala and Stein filed a Joinder to Sanchez's Motion for Summary Judgment.[1] ECF No. 38.

On January 13, 2016, the Court held a hearing at which it denied the Motion for Summary Judgment with respect to Sanchez and granted it in favor of Acala and Stein. This Order sets forth the basis for that ruling. This Order does not address the supplemental Motion for Summary Judgment filed by Defendants Dicus and Bloomfield after the hearing.

### III. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In ruling on a motion for summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960 (9th Cir. 2011).

Where the party seeking summary judgment does not have the ultimate burden of persuasion at trial, it "has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000). "In order to carry its [initial] burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Id. If the movant has carried its initial burden, "the nonmoving party must produce evidence to support its

---

[1] The Attorney General's office initially did not accept service on behalf of Officers Acala and Stein because they are no longer employed by NDOC. However, on January 13, 2016, the Attorney General's office notified the Court that Acala and Stein had been served by Howard and had requested representation from that office, and informed the Court that it was accepting service on their behalf. ECF No. 37.

- 4 -

claim or defense." Id. at 1103. In doing so, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). However, the ultimate burden of persuasion on a motion for summary judgment rests with the moving party, who must convince the court that no genuine issue of material fact exists. Nissan Fire, 210 F.3d at 1102.

### IV.  DISCUSSION

After reviewing the parties' briefs and considering the arguments presented at the hearing, the Court concludes that summary judgment must be denied with respect to the claims alleged against Sanchez in Count I. Because there is no evidence that Acala and Stein personally participated in the violations alleged in Count I, however, summary judgment is granted in these Defendants' favor.

**A.  Summary Judgment Is Denied with Respect to Sanchez**

*1.  Retaliation Claim*

In support of his retaliation claim, Howard alleges that Sanchez came to his cell, confiscated his grievance, and used force against him to intimidate him and to retaliate against him for filing an affidavit in a separate matter. In his motion, Defendant Sanchez argues that he must prevail on Howard's retaliation claim because Sanchez acted in furtherance of a legitimate penological goal of restoring order and discipline. After reviewing the evidence submitted by the parties, the Court finds that summary judgment must be denied on this claim.

To establish a First Amendment retaliation claim within the prison context, a plaintiff must establish five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2004). Prison officials are given "appropriate deference and flexibility . . . in the evaluation of proffered

1 legitimate penological reasons for conduct alleged to be retaliatory." Vance v. Barrett, 345 F.3d
2 1083, 1093 (9th Cir. 2003) (internal quotation marks omitted).

3 Defendants have provided evidence that Sanchez had a valid penological reason
4 (preserving institutional order and discipline) for coming to Howard's cell to pick up the
5 grievance and grabbing and handcuffing Howard. In response, however, Howard's sworn
6 statements establish genuine issues of disputed fact as to Sanchez's reasons for taking these
7 actions. Howard states that Sanchez did not come to his cell to pick up an emergency grievance.
8 On the contrary, Howard states that he was not permitted to write an emergency grievance and
9 that he was instead writing an informal grievance, which is not handed to an officer but is rather
10 placed into a locked box by the inmate under NDOC Admin. Reg. 740.01. Viewing this evidence
11 in the light most favorable to Howard, a reasonable factfinder could find that Sanchez came to
12 Howard's cell not to preserve order by picking up an emergency grievance, but rather to harass,
13 intimidate, or injure Howard in retaliation for filing grievances.

14 Howard also states that he had his hands placed against the wall when Sanchez placed
15 him in handcuffs and that Sanchez squeezed the cuffs, told him to scream, and bent his finger
16 back. These statements contradict Sanchez's claim that Howard stood up with his fists clenched
17 and lunged at Sanchez, and that Sanchez handcuffed Howard out of fear for his own safety.
18 Viewing this evidence in the light most favorable to Howard, a reasonable factfinder could find
19 that Sanchez handcuffed Howard in retaliation for filing grievances and not because he was
20 fearing for his safety. The factfinder could also find that Sanchez squeezed the handcuffs and
21 bent Howard's finger back in retaliation for filing grievances.

22 Given that the Court must view the evidence in the light most favorable to Howard at this
23 stage, Howard has established genuine issues of disputed fact that require the denial of summary
24 judgment.

### 2. Excessive Force Claim

26 Sanchez argues that summary judgment should be granted on Howard's excessive force
27 claim because he used force in a good faith effort to restore discipline, not with the intent of
28

maliciously causing harm. After reviewing the evidence, the Court finds that summary judgment must also be denied on this claim.

The Eighth Amendment forbids cruel and unusual punishment. In an excessive force case, prison officials violate the Eighth Amendment if they cause "the unnecessary and wanton infliction of pain." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations and quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1027 (9th Cir. 2013). The "core judicial inquiry" in an excessive force case is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6. Courts consider five factors in making this determination: "(1) the extent of injury suffered by the inmate; (2) the need for the application of force; (3) the relationship between the need and the level of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of the force used." Furnace, 705 F.3d at 1028-29 (citation and internal quotation marks omitted).

In this case, Sanchez's declaration is evidence that shows that he restrained Howard in a good-faith effort to restore discipline and not to cause harm to Howard. But Howard's sworn statements in response establish genuine issues of disputed fact as to the circumstances of Howard's handcuffing and whether Sanchez deliberately used force to cause harm. Howard states that he was ordered to stand up and place his hands against the wall and that immediately after he did so, Sanchez placed him in handcuffs, squeezed the cuffs, told him to scream, and bent his finger back. Howard also stated in his grievance that he suffered a nerve injury in his hand. Viewing this evidence in the light most favorable to Howard, a reasonable factfinder could find that Sanchez not only handcuffed Howard, but also squeezed the handcuffs and bent his finger back while telling him to scream.

Based upon the evidence in this case and considering the factors listed in Furnace, a reasonable factfinder could conclude that Sanchez used force as alleged by Howard not because he perceived a threat to anyone's safety, but rather to purposely cause harm to Howard. Howard has therefore established genuine issues of disputed facts that require the denial of summary judgment.

### B. Summary Judgment Is Granted in Favor of Acala and Stein

Count I of the Complaint is also alleged against Acala and Stein. Howard has produced no evidence that these Defendants personally participated in the actual taking of his grievance or the use of force against him. He has also produced no evidence that Acala or Stein had any supervisory authority over Sanchez such that they could have ordered Sanchez to stop searching Howard's cell or stop using force against him. And at oral argument, Howard stated that Acala and Stein simply stood at his door while Sanchez was in his cell and that neither Acala nor Stein touched him.

Howard brought this action under 42 U.S.C. § 1983. Section 1983 "has a causation requirement, with liability extending to those state officials who subject[ ], or cause[ ] to be subjected, an individual to a deprivation of his federal rights." Lacey v. Maricopa Cnty., 693 F.3d 896, 915 (9th Cir. 2012) (internal quotation marks omitted). This causation requirement can be met "by some kind of direct personal participation in the deprivation, . . . [or] by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

Howard has not presented any evidence as to Acala and Stein's involvement in the violations alleged in Count I that would satisfy Section 1983's requirement that they have participated in or otherwise been involved in causing his alleged injury. Therefore, summary judgment is granted in favor of Acala and Stein.

/ / /

/ / /

/ / /

## V. CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** that Defendant Gustavo Sanchez's Motion for Summary Judgment (ECF No. 21) is GRANTED IN PART and DENIED IN PART. As to Count I, summary judgment is denied with respect to Defendant Sanchez and granted in favor of Defendants Acala and Stein.

**DATED**: July 28, 2016.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**